UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                   :
ELLIOT M. HIRSCH,                                        :
                                                                                   :
                                     Plaintiff,          :
                                                                                   :               22-CV-9311 (VSB)
                           - against -                                  :
                                                                                    :                      **ORDER**
                                                                                    :
JAY R. BUTTERMAN,                                  :
                                                                                    :
                                     Defendant.   :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Elliot Hirsch, a resident of Oakhurst, New Jersey, brings this pro se action under the court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. He asserts claims of defamation and "false light" arising from an affirmation that Defendant Jay R. Butterman, who is his wife's divorce attorney, filed in a civil action in the New York State Supreme Court, Kings County. The instant action is one of many that Plaintiff has filed, in this District and others, against his wife and Butterman arising from his divorce proceedings and his other civil actions pending in Kings County, New York.[1] Plaintiff filed with his complaint an application for an Order to Show Cause for a preliminary injunction. (Docs. 3, 4.) By order dated November 1, 2022, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, granted Plaintiff's

---

[1] *See, e.g., Hirsch v. Butterman*, No. 22-CV-7897 (S.D.N.Y. Oct. 4, 2022) (naming wife and Butterman as defendants; transferred to the Eastern District of New York); *Hirsch v. Butterman*, No. 22-CV-8093 (S.D.N.Y. Sept. 22, 2022) (naming Butterman as a defendant; transferred to the Eastern District of New York); *Hirsch v. Kairey*, No. 22-CV-5064 (E.D.N.Y. filed Aug. 24, 2022) (naming wife and Butterman as defendants); *Hirsch v. Beda*, No. 22-CV-5011 (E.D.N.Y. filed Aug. 23, 2022) (naming wife as a defendant); *Hirsch v. Beda*, No. 21-CV-12246 (D.N.J. Aug. 23, 2022) (transferred to the Eastern District of New York).

application to proceed *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

**I.      Discussion**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges "[u]pon information and belief" that Butterman resides in Manhattan. (Doc. 2 ("Compl.") ¶ 5.) If so, venue would be proper under Section 1391(b)(1) because New York County is within the Southern District of New York. *See* 28 U.S.C. § 112(b).

Plaintiff asserts claims arising from an affirmation Butterman submitted in a civil proceeding in the New York Supreme Court, Kings County, in which Plaintiff is suing his wife and another individual. (*See* Compl. ¶¶ 7–9.) Because the affirmation was filed in a Kings County Supreme Court in connection with an ongoing proceeding in that court, Plaintiff's claims arose in substantial part in Kings County, New York. Under Section 1391(b)(2), venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Kings County is within the Eastern District of New York).

Plaintiff alleges that venue is proper in this District under Section 1391(b)(2) because Butterman sent the affirmation from his office in Manhattan and the affirmation was "received" by attorney Mark Binksy, who works in Manhattan.[2]  (Compl. ¶ 12.)  Plaintiff also asserts that venue would be proper in the District of New Jersey under Section 1391(b)(2) because he is suffering the impact of the allegedly defamatory statements in New Jersey.  (*See id.* ¶ 14.)

Even when an action is filed in a jurisdiction where venue is proper, under 28 U.S.C. § 1404(a), a district court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  In determining whether transfer is appropriate, courts consider the following ten factors:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to [the] plaintiff['s] choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).  A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there.  *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

---

[2] Binksy is not a party to this action and is not otherwise mentioned in the complaint.  Plaintiff alleges that he received the affirmation in New Jersey, and that it was also received by Judge Karen Rothenberg of the New York State Supreme Court, Kings County, who presumably works in Kings County.  (*See* Compl. ¶ 11.)

3

Under Section 1404(a), transfer to the Eastern District of New York appears to be appropriate in this case. The underlying events occurred in the course of Plaintiff's civil proceedings in Kings County, and it is reasonable to expect that relevant documents and witnesses would be in that district. Plaintiff's choice of forum is entitled to less deference because he does not reside in this District and the operative events occurred largely outside this District. Plaintiff is correct that venue may also be proper in the District of New Jersey. *See, e.g., Coffaro v. Crespo*, No. 08-CV-2025 (DGT), 2009 WL 1505681, at *4 (E.D.N.Y. May 28, 2009) (venue for slander is proper where plaintiff suffered harm from false statements). The Court declines to transfer this action to New Jersey, however, because Plaintiff has twice filed actions in that district in which he asserted claims related to his divorce, and the District of New Jersey consolidated those actions and transferred them to the Eastern District of New York. *See Hirsch v. Beda*, No. 21-CV-12246 (D.N.J. Aug. 23, 2022); *Hirsch v. Kairey*, No. 21-CV-13718 (D.N.J. Feb. 9, 2022); *see also Hirsch v. Beda*, No. 22-CV-5011 (E.D.N.Y.) (consolidated action transferred from District of New Jersey).

The Eastern District of New York, where Plaintiff has other potentially related matters pending, appears to be the more convenient forum for this action.[3] Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

---

[3] Judges on this court have recently transferred similar actions brought by Plaintiff against Butterman to the Eastern District of New York for substantially similar reasons. *See Hirsch v. Butterman*, No. 22-CV-7897 (JLR) (S.D.N.Y. Oct. 4, 2022); *Hirsch v. Butterman*, No. 22-CV-8093 (LTS) (S.D.N.Y. Sept. 22, 2022).

**II.     Conclusion**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York.  Whether Plaintiff's application for preliminary injunctive relief should be granted is a determination to be made by the transferee court.  A summons shall not issue from this Court.  This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    November 8, 2022
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge